IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RODERICK SLY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:24-cv-00448-DGK |
| | ) |
| DENIS MCDONOUGH, SECRETARY OF | ) |
| THE UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S DEFENSES AND ANSWER TO COMPLAINT**

Pursuant to FED. R. CIV. P. 8, 12, Defendant Denis McDonough, in his official capacity as the Secretary of the United States Department of Veteran's Affairs ("VA") submits the following answer to the COMPLAINT [Doc. 1] filed herein by Plaintiff Roderick Sly ("Sly"):

**FIRST DEFENSE**

Plaintiff's COMPLAINT, in whole or in part, fails to state claims against the Defendant upon which relief can be granted under the federal government employment provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*

**SECOND DEFENSE**

The claims asserted in Plaintiff's COMPLAINT, in whole or in part, are barred because of Plaintiff's failure to timely raise and/or timely exhaust issues administratively and/or timely file an action in federal district court.

**THIRD DEFENSE**

All discrete employment decisions made and actions taken by the Defendant regarding Plaintiff as described and alleged in his COMPLAINT were made and taken for *bona fide*

1

business reasons (including legitimate business needs, managerial needs, and lawful principles of personnel management) and as a result of reasonable factors other than Plaintiff's race, color, sex, disability, age, or protected activities, and such decisions and actions were without any discriminatory intent, purpose, effect, or pretext.

## FOURTH DEFENSE

No causal connection exists between Plaintiff's race, color, sex, disability, age, or protected activities, activities with respect to any actions taken or decisions made by the Defendant regarding Plaintiff as described and alleged in his COMPLAINT.

## FIFTH DEFENSE

Any recovery of compensatory damages by Plaintiff under Title VII is capped by federal law.

## SIXTH DEFENSE

Plaintiff is not entitled to recover punitive damages against the Defendant.

## SEVENTH DEFENSE

Plaintiff cannot establish *prima facie* cases of discrimination or retaliation based on race, color, sex, disability, age, or prior protected activity.

## EIGHTH DEFENSE

To the extent that Plaintiff seeks to allege incidents of discriminatory and/or retaliatory conduct other than those raised in Plaintiff's administrative discrimination complaint with the Defendant and/or assert theories of discrimination and/or retaliation other than those raised in Plaintiff's administrative discrimination COMPLAINT with the Defendant, such incidents, conduct, and theories of discrimination and/or retaliation are barred by the failure to exhaust administrative remedies and/or by the statute of limitations.

## NINTH DEFENSE

Plaintiff was not accorded any different treatment by the Defendant than from other similarly situated (in all relevant respects) and similarly qualified individuals.

## TENTH DEFENSE

Plaintiff has failed to reasonably mitigate his damages.

## ELEVENTH DEFENSE

Insofar as Plaintiff sustained any injuries as alleged in the COMPLAINT, such injuries were not caused by an act or omission of an agent, employee, or representative of the United States of America.

## TWELVETH DEFENSE

The decisions made and actions undertaken by the Defendant with regard to Plaintiff were not arbitrary and capricious and were not contrary to any collective bargaining agreement between the Defendant and any union representing Plaintiff.

## THIRTEENTH DEFENSE

The acts of conduct Plaintiff complains about did not occur and any alleged discrimination is not based upon a Title VII protected characteristic.

## FOURTEENTH DEFENSE

The actions of Defendant were taken in full compliance with statutory and regulatory requirements.

## FIFTEENTH DEFENSE

If Defendant is found liable to Plaintiff, which liability is expressly denied, Defendant is entitled to have any award of damages against it abated, reduced, or eliminated by the total amount paid to Plaintiff from any government source.

## SIXTEENTH DEFENSE

The events and working conditions that Plaintiff was subjected to at the VA as described in the COMPLAINT were not sufficiently severe or pervasive so as to constitute an actionable hostile working environment under Title VII.

## SEVENTEENTH DEFENSE

Plaintiff is not entitled to a jury trial on his ADEA claims and/or his FMLA claims.

## EIGHTEENTH DEFENSE AND BY WAY OF FURTHER ANSWER

Without waiving any of the defenses set forth above, or other defenses available at law or equity, Defendant answers the separately numbered paragraphs of Plaintiff's COMPLAINT as follows:

## JURISDICTION AND VENUE

1. The VA admits the allegations contained in Paragraph 1 of the COMPLAINT.
2. The VA admits the allegations contained in Paragraph 2 of the COMPLAINT.
3. The VA admits the allegations contained in Paragraph 3 of the COMPLAINT.
4. The VA admits the allegations contained in Paragraph 4 of the COMPLAINT.

## PARTIES

5. The VA admits the allegations contained in Paragraph 5 of the COMPLAINT.
6. The VA admits the allegations contained in Paragraph 6 of the COMPLAINT.
7. The VA admits the allegations contained in Paragraph 7 of the COMPLAINT.
8. The VA admits the allegations contained in Paragraph 8 of the COMPLAINT.

## ADMINISTRATIVE PROCEDURES

9. The VA admits the allegations contained in Paragraph 9 of the COMPLAINT.
10. The VA denies the allegations contained in Paragraph 10 of the COMPLAINT.

11. The VA admits Plaintiff received the FAD within five days of its issuance but denies the remaining allegations contained in Paragraph 11 of the COMPLAINT.

12. The VA admits the allegations contained in Paragraph 12 of the COMPLAINT.

13. The VA denies the allegations contained in Paragraph 13 of the COMPLAINT.

14. The VA denies the allegations contained in Paragraph 14 of the COMPLAINT.

15. The VA denies the allegations contained in Paragraph 15 of the COMPLAINT.

## ADMINISTRATIVE PROCEDURES

16. The VA admits Plaintiff is an African American male but is without sufficient information as to the remaining allegations in Paragraph 16 of the COMPLAINT and accordingly denies the same.

17. The VA is without sufficient information as to the allegations contained in Paragraph 17 of the COMPLAINT and accordingly denies the same.

18. The VA is without sufficient information as to the allegations contained in Paragraph 18 of the COMPLAINT and accordingly denies the same.

19. The VA admits Plaintiff is alleging discrimination but denies any of the alleged conduct has occurred.

20. The VA denies the allegations contained in Paragraph 20 of the COMPLAINT.

21. The VA admits the allegations contained in Paragraph 21 of the COMPLAINT.

22. The VA denies the allegations contained in Paragraph 22 of the COMPLAINT.

23. The VA denies the allegations contained in Paragraph 23 of the COMPLAINT.

24. The VA denies the allegations contained in Paragraph 24 of the COMPLAINT.

25. The VA denies the allegations contained in Paragraph 25 of the COMPLAINT.

26. The VA denies the allegations contained in Paragraph 26 of the COMPLAINT.

27. The VA denies the allegations contained in Paragraph 27 of the COMPLAINT.

28. The VA denies the allegations contained in Paragraph 28 of the COMPLAINT.

29. The VA denies the allegations contained in Paragraph 29 of the COMPLAINT.

30. The VA denies the allegations contained in Paragraph 30 of the COMPLAINT.

31. The VA denies the allegations contained in Paragraph 31 of the COMPLAINT.

32. The VA admits the allegations contained in Paragraph 32 of the COMPLAINT.

33. The VA admits Dominque Henderson upheld the decision to demote Plaintiff but denies the remaining allegations contained in Paragraph 33 of the COMPLAINT.

34. The VA admits Plaintiff's annual rating of record for the period October 1, 2019, until September 30, 2020, was fully successful but denies the remaining allegations contained in Paragraph 34 of the COMPLAINT.

35. The VA denies the allegations contained in Paragraph 35 of the COMPLAINT.

36. The VA denies the allegations contained in Paragraph 36 of the COMPLAINT.

37. The VA denies the allegations contained in Paragraph 37 of the COMPLAINT.

38. The VA denies the allegations contained in Paragraph 38 of the COMPLAINT.

39. The VA denies the allegations contained in Paragraph 39 of the COMPLAINT.

40. The VA denies the allegations contained in Paragraph 40 of the COMPLAINT.

41. The VA denies the allegations contained in Paragraph 41 of the COMPLAINT.

**COUNT 1: DISCRIMINATION BASED ON RACE, DISABILITY, SEX, COLOR, AGE, AND ENGAGEMENT IN PROTECTED ACTIVITY DISPARATE TREATMENT**

42. The VA responds to Paragraphs 1 -41 as previously stated herein.

43. The VA admits Plaintiff is an African American male who is over the age of 40 but denies the remaining allegations contained in Paragraph 43 of the COMPLAINT.

44. The VA admits Plaintiff was qualified for the position he held but denies the remaining

allegations contained in Paragraph 44 of the COMPLAINT.

45. The VA denies the allegations contained in Paragraph 45 of the COMPLAINT.

46. The VA denies the allegations contained in Paragraph 46 of the COMPLAINT.

47. The VA denies the allegations contained in Paragraph 47 of the COMPLAINT.

**COUNT 2: HOSTILE ENVIRONMENT BASED ON RACE, DISABILITY, SEX, COLOR, AGE, AND ENGAGEMENT IN PROTECTED ACTIVITY**

48. The VA responds to Paragraphs 1 -47 as previously stated herein.

49. The VA denies the allegations contained in Paragraph 49 of the COMPLAINT.

50. The VA denies the allegations contained in Paragraph 50 of the COMPLAINT.

**COUNT 3: RETALIATION**

51. The VA responds to Paragraphs 1 -50 as previously stated herein.

52. The VA denies the allegations contained in Paragraph 52 of the COMPLAINT.

53. The VA denies the allegations contained in Paragraph 53 of the COMPLAINT.

54. The VA denies the allegations contained in Paragraph 54 of the COMPLAINT.

55. The VA denies the allegations contained in Paragraph 55 of the COMPLAINT.

56. The VA denies the allegations contained in Paragraph 56 of the COMPLAINT.

WHEREFORE, the VA prays that the Court deny Plaintiff any relief in this case and grant the VA any such other and further relief as is just and proper.

Respectfully submitted,

Teresa A. Moore
United States Attorney

Date: <u>September 25, 2024</u>

By:   <u>/s/ *Vanessa C. Kamberis*</u>
Vanessa C. Kamberis, IL #6336132
Assistant United States Attorney
Western District of Missouri
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
Email: vanessa.kamberis@usdoj.gov

ATTORNEYS FOR THE
UNITED STATES