IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RODERICK SLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-00448-DGK |
| | ) | |
| | ) | |
| DOUGLAS COLLINS, SECRETARY | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DIRECTING PLAINTIFF'S COUNSEL TO SHOW CAUSE

This is an employment discrimination case. Plaintiff alleges race, disability, sex, color, and age discrimination, hostile work environment, and retaliation. The case is currently at the summary judgment stage.

Plaintiff's summary judgment pleadings fail to comply with Court orders and the Local Rules.[1] Therefore, before the litigation proceeds further, the Court ORDERS Plaintiff's counsel to SHOW CAUSE for why the Court should not sanction her under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority by (1) striking Plaintiff's summary judgment pleadings, ECF Nos. 21,[2] 22, and 26, (2) imposing monetary sanctions on Plaintiff's counsel, and/or (3) reporting Plaintiff's counsel to the Missouri Bar. In addition, or alternatively to those sanctions, Plaintiff's counsel shall also explain why the Court should not dismiss Plaintiff's complaint *with* or *without* prejudice under Federal Rule of Civil Procedure 41(b) for

---

[1] The Court notes that this is not an isolated incident with Plaintiff's counsel. *See Williams v. McDonough*, No. 4:21-cv-00781-DGK, 2023 WL 6397760, Order Declining to Impose Sanctions 2–4, Dkt. No. 39 (W.D. Mo. Oct. 2, 2023) (noting cases where Plaintiff's counsel has filed unsigned affidavits, has controverted facts without legal or factual basis, has failed to diligently move cases forward, and has submitted disjointed and legally unsupported briefing).
[2] The Court has already struck Plaintiff's Additional Statement of Facts, ECF No. 21 at 11–19. ECF No. 25.

failure to comply with Court Orders. Plaintiff's counsel shall file her response by December 30, 2025. The Court will schedule further briefing after Plaintiff's counsel files her response.

## Background

Defendant filed his Motion for Summary Judgment on August 11, 2025. ECF No. 18. Plaintiff filed his initial Opposition to Defendant's Statement of Facts, along with his own Statement of Additional Facts, on September 24, 2025. ECF No. 21. Plaintiff filed his Suggestions in Opposition on September 25, 2025. ECF No. 22. On October 7, 2025, the Court issued an Order Striking Plaintiff's Additional Statement of Facts ("Striking Order"), ECF No. 21 at 11–19, because it failed to comply with the Local Rules. ECF No. 25. The Court further ordered Plaintiff to refile the Additional Facts, if he wished to, in strict compliance with the Local Rules within five days of the Order. Plaintiff filed a Corrected Statement of Facts on October 14, 2025.

### I. Plaintiff's corrected statement of facts does not comply with the Local Rules and violates the Court's Orders.

Local Rule 56.1 requires "[e]ach fact . . . be set forth in a separately numbered paragraph and supported in accordance with Fed. R. Civ. P. 56(c)." L.R. 56.1(a), 56.1(b)(2). The Local Rules also establish a fifteen-page limit for suggestions in opposition, L.R. 7(d)(1)(B), and tables of contents and authorities requirements for suggestions exceeding ten pages in length, L.R. 7(d)(3). The Striking Order directed Plaintiff to comply strictly with the Local Rules if he wished to refile his Additional Facts. The Initial Standing Order for this case requires that parties "include pinpoint citations to the precise page number that supports their argument or factual assertion." ECF No. 2 at 4. In other words, each sentence that sets forth a fact must be in a separately numbered paragraph and must contain the pinpoint record citations that support that fact and paragraph. As noted in the Striking Order, the reason for these requirements is so the Court can easily refer to which precise facts or parts of a fact are being disputed and whether they are

supported by the record. When several facts and sentences are listed in a single paragraph with citations at the end of the last sentence, the Court and opposing party must laboriously sift through various record cites and sentences to determine what is truly disputed and supported. When whole documents are cited without pinpoint citation, the Court and opposing party similarly must read as many as hundreds or thousands of pages in search of a single fact reference. This adds significant time to the adjudication process and wastes resources.

Plaintiff's Corrected Statement of Facts, like his Additional Statement of Facts, fails to comply with these straightforward rules. First, multiple paragraphs violate the requirement that each fact be set forth in a separately numbered paragraph: (1) ¶ 2 contains three sentences that each allege a separate fact; (2) ¶ 16 contains an assertion of fact with seventeen subparts; (3) ¶ 17 contains an assertion of fact with fifteen subparts; (4) ¶ 19 contains an assertion of fact with five subparts; ¶ 20 contains an assertion of fact with four subparts; (5) ¶ 30 contains an assertion of fact with two subparts; and (6) ¶ 47 contains an assertion of fact with five subparts. ECF No. 26 at 11, 12–15, 16–17, 18.

Second, multiple paragraphs violate the Initial Standing Order's requirement that assertions of fact be supported with pinpoint citations from the record. Plaintiff relies throughout his Corrected Statement of Facts on affidavits submitted by Plaintiff (Sly Affidavit, ECF No. 21-2), Antonine Williams (Williams Affidavit, ECF No. 21-3), and Shawn Mays (Mays Affidavit, ECF No. 21-4). The Sly and Mays affidavits are each four pages, and the Williams affidavit is five pages. Yet Plaintiff never once gives a pinpoint cite when relying on any of these affidavits, which are used to support nearly half of the paragraphs (not to mention the numerous subparts in some paragraphs) in the Corrected Statement of Facts. *See* ECF No. 26 at ¶¶ 5–8, 17, 20–47.

Third, Plaintiff's Suggestions in Opposition to Summary Judgment, ECF No. 22, exceeds

the fifteen-page limit established by Local Rule 7(d)(1)(B) by two pages. Moreover, Local Rule 7(d)(3) requires suggestions exceeding ten pages to "have a table of contents and a table of authorities." Plaintiff's seventeen-page Suggestions in Opposition has neither.

**II.     Plaintiff's conduct appears to be willful.**

At this stage, the Court believes these to be willful violations of the Court's orders and the Local Rules. The Initial Standing Order has been in place since July 9, 2025, months before the statements of fact at issue here. And the Order Striking Plaintiff's Additional Statement of Facts was clear that any resubmitted statement must strictly comply with the Local Rules, warning Plaintiff that failure to do so could result in the striking of that statement or dismissal of the case under Fed. R. Civ. P. 41(b).

The Corrected Statement does improve upon the initial Statement in some ways in that some of the multi-fact paragraphs in the Statement have been appropriately divided into multiple numbered paragraphs. *Compare* ECF No. 21 at ¶¶ 5–9 *with* ECF No. 26 at ¶¶ 5–14. But elsewhere, Plaintiff improperly divides multi-fact paragraphs into single-numbered paragraphs with multiple subparts, as noted above. *Compare* ECF No. 21 at ¶¶ 14–15 *with* ECF No. 26 at ¶¶ 19–20. And while each subpart has what looks like a pinpoint cite, the subparts of ¶ 19 cite to a four-page memorandum in the ROI, ECF No. 21-1, without a pinpoint cite, even though the factual assertions are contained on specific pages within that memorandum, and the subparts of ¶ 20 cite to the four-page Sly Affidavit mentioned above without a pinpoint cite. On balance, the slight improvement in the Corrected Statement is overshadowed by these other violations.

**Conclusion**

For the reasons stated above, Plaintiff's counsel is ORDERED to SHOW CAUSE by December 30, 2025, for why the Court should not sanction her under Federal Rule of Civil

Procedure 11, 28 U.S.C. § 1927, and/or the Court's inherent authority by (1) striking Plaintiff's summary judgment pleadings, ECF Nos. 21, 22, and 26, (2) imposing monetary sanctions on Plaintiff's counsel, and/or (3) reporting Plaintiff's counsel to the Missouri Bar. In addition, or alternatively to those sanctions, Plaintiff's counsel shall also explain why the Court should not dismiss Plaintiff's complaint *with* or *without* prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with Court Orders. Plaintiff's counsel shall not use her response to: (1) advance new legal arguments, (2) present new evidence, or (3) otherwise seek to supplement and/or amend the summary judgment record. Failure to respond by that deadline, or failure to address the issues outlined above, may result in dismissal of this case without further notice.

**IT IS SO ORDERED.**

Date:   December 9, 2025                                   /s/ Greg Kays
                                                                                  GREG KAYS, JUDGE
                                                                                  UNITED STATES DISTRICT COURT