| | |
|---|---|
| RODERICK SLY, | ) |
| Plaintiff, | ) ) ) |
| V. | ) Case No. 4:24-cv-00448-DGK ) |
| DENIS McDONOUGH, Secretary UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, | ) ) ) ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendants. | ) ) |

## RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW Plaintiff's counsel and hereby responds to the Court's Order to Show Cause why Sanctions should not be issued. On December 9, 2025, the Court ordered counsel to show cause why Mr. Sly's case should not be dismissed with or without prejudice because Plaintiff's counsel erred in 3 particulars in the filing of the response to Summary Judgment. The first alleged error is that Counsel numbered certain paragraphs 2, 16, 17, 19, 20 and 30 using subparts. The second error for which the Court seeks to discern whether to dismiss Mr. Sly's case concerns whether citing to multiple pages meets the "pinpoint citation" standing order and the third is whether his case should be dismissed for being 2 pages overlength and without a table of contents and authorities. The Court in footnotes discusses other cases for which other form errors were made during the course of Plaintiff's counsel's nearly 40 year career.[1]

---

[1] The Court ignores Ms. Randles accomplishments in receiving Lawyer of the Year and Most Influential Lawyer for her work supporting victims of sexual abuse; her commendations for her writing; her nearly dozen

## LEGAL STANDARD FOR SANCTIONS

This Court requests a Show Cause why Rule 11 sanctions should not be applied. Rule 11 Sanctions may be imposed when a a complaint (or other pleading) is "frivolous, legally unreasonable, or without factual foundation, or is brought for any improper purpose." Fed.R.Civ.P. 11. The purpose of Rule 11 sanctions is "to deter attorney and litigant misconduct." *Kirk Capital Corp. v. Bailey,* 16 F.ed 1485, 1490 (8th Cir. 1994). The Court imposes Rule 11 Sanctions only to the extent necessary to deter future litigation conduct tht warrants the sanction. Fed.R.Civ.P. 11(c)(4). It must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. *Id.*

The type of misconduct that is sanctionable is harassment of defendants by the filing of frivolous lawsuits, *see Smith v. Ghana Commer. Bank Ltd.,* 2013 U.S.Dist LEXIS 197496 (Minn. D.C. 2013), multiplying the proceedings in any case unreasonably and vexatiously, *See Perkins v. Spivey,* 911 F.2d 22, 36 (8th Cir. 1990), and intentional or reckless disregard of the attorney's duties to the court. *Id. at 36.* The primary duty Rule 11 instructs is a duty of candor to the Court. *Rindahl v. Gtel / Global Tel Link Corp.,* 2025 UlS.Dist. LEXIS 220653 (D.C. S.D., Nov. 6, 2025).

A court may also sanction for failure to prosecute a matter. In *Silver Fox Energy, LLC v. Buchanan,* 2023 U.S. Dist. LEXIS 219459 (D.C. N.D. Aug. 29, 2023), the U.S. District Court

---

publications including law reviews, legal journals, news articles, medical journals, psychiatric journals, even some poetry and assisted in the writing of a "short listed" documentary. The Court also ignores the appellate work of Ms. Randles that has caused legal change in the manner in which sexual abuse cases are litigated as well as Federal employment litigation, especially 1981 litigation. Instead, the Court has searched out errors made by Ms. Randles, including on one occasion, a court found a brief she wrote disjointed, that an unsigned affidavit was erroneously filed (there is a story there much longer than a footnote) and that a court found some of the statements of fact submitted unsupported by the cites. While Randles regrets those things occurred, simple typographical errors account for most.

dismissed the Plaintiff's claims after Silver Fox did not appear at a status conference, failed to respond to summary judgment, did not respond to a Motion for Sanctions and did not comply with the Court's order to retain counsel. However, the Court did not issue Rule 11 sanctions as it found the pleadings were not presented for an improper purpose such as to harass or cause unnecessary delay. *Id.* at 13. In this matter, there is no issue of failure to prosecute.

Separately, a Court may issue sanctions for the failure to comply with discovery requests. *United States v. Big D Enter., Inc.,* 84 F.3d 924, 936 (8th Cir. 1999). There has been no allegations of any failure to comply with discovery in this matter. In fact, attorneys for plaintiff and defendant have worked collegially together on all of the cases that have been brought against the Veterans' Administration for discrimination. No motions to compel or other types of discovery disputes have been brought in any of the cases brought forward in this District.

28 U.S.C. 1927 is penal in nature and should be strictly construed so that it does not dampen "the legitimate zeal of an attorney in representing his client." *Lee v. L.B.Sales, Inc.,* 177 F.3d 714, 718 (8th Cir. 1999). A sanction of dismissal, especially with prejudice, is an extreme sanction "and should be used only in cases of willful disobedience to a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino,* 526 F.3d 402, 405 (8th Cir. 2008). Notably, a dismissal without prejudice may have the same result as a dismissal with prejudice if the statute of limitation has run. Because of the specific requirements of Title VII – especially as it relates to Federal employees – a dismissal without prejudice could very well have the same effect as a dismissal with prejudice.

## THIS COURT'S USE OF SANCTIONS

This Court has been somewhat more liberal than others in its Requests to Show Cause regarding sanctions for form or stylistic errors.[2] It appears that the Court uses its discretion to threaten and impose sanctions as a way of entreating and requiring higher standards of practice of the attorneys who appear before it. *See e.g. Brewster v. O'Malley,* 2024 U.S.Dist. LEXIS 222084 (Dec. 9, 2024); *Gray v. O'Malley,* 2024 U.S. Dist. LEXIS 222081 (Dec. 9, 2024); Plaintiff's counsel understands and wishes to comply with the Court's direction. Plaintiff's counsel read numerous cases in which Judge Kays has threatened or ordered sanctions in order to more fully understand the Court's construction of the Rules of Court regarding summary judgment motions. Most instructive is *Longroad Asset Mgmt. LLC. v. Boilermaker – Blacksmith Nat'l Pension Tr.,* 2025 U.S. Dist. LEXIS 203792 (Mar. 21, 2025). In that case, Judge Kays discusses the Statements of Fact in Summary Judgment arguments. He explains that cross-referencing facts creates difficulties in understanding and gauging whether those statements of fact appropriately controvert the contentions. In the discussion, the court explains that difficulty.

This case, although not directly on point to the alleged failures in the statements of fact in this matter, is instructive as it allows a birds eye view into the inner workings of the court that

---

[2] When running the Lexis search Kays and sanctions, 2989 cases were found. Only a portion of those actually involved determinations of whether to sanction by Judge Kays. However, in excess of 20 have been found that are from Judge Kays regarding sanctions including *Rightchoice Managed Care, Inc. v. Hosp. Partners, Inc,* 2023 U.S.Dist. LEXIS 20243 (Nov. 6, 2023); *Aly v. Hanzada for Imp. & Exp. Co.,* 2015 U.S.Dist. LEXIS 183184 (Dec. 30, 2015); *Rey v. GM LLC,* 2021 U.S.Dist. LEXIS 72402 (Apr. 14, 2021), *Nyaundi v. Triumph Foods, LLC.,* 2025 U.S.Dist. LEXIS 254677 (Jan. 10, 2025); *Erisman v. Summit Christian Acad.,* 2025 U.S. Dist. LEXIS 233645 (Dec. 1, 2025); *Kirk v. Schaeffler Grp. USA, Inc.,* 2016 U.S. Dist. LEXIS 71854 (June 2, 2016); *Caranchini v. Nationstar Mortg., LLC.,* U.S.Dist. LEXIS 59955 (Apr. 8, 2019) ; *Tarvisium Holdings, LLC. v. Dukat, LLC.,* 2020 U.S. Dist. LEXIS 4292 (Jan. 10, 2020); *Cox Autos, Inc. v. Super Dispatch, Inc.,* 2025 U.S. Dist. LEXIS 222084 (Nov. 11, 2025); *U.S. Bank v. Epperson,* 2020 U.S. Dist. LEXIS 265964 (Feb. 26, 2020); *Restored Images Consulting v. Vinyl & Assocs.,* 2015 U.S. Dist. 198267 (2015 U.S. Dist. LEXIS 198267), and *Longroad Asset Mgmt., LLC v. Boilermaker-Blacksmith Nat'l Pension Tr.,* 2025 U.S. Dist. LEXIS 203792 (Mar. 21, 2025) as well as many others.

help us to understand how to properly provide the information in a way that is clear, succinct but without shortcuts that harm understanding. Nothing in the Rules of Civil Procedure specifically prohibits the use of cross-reference as a means of support and, in Counsel's experience, is used routinely. However, the discussion of the difficulty it raises explains *why* that practice should not occur. Counsel appreciates the Court's teaching moments in these rulings and will endeavor to even more closely follow this Court's suggestions, orders and Initial Orders.

## MR. SLY'S MATTER SHOULD NOT BE DISMISSED FOR ERRORS OF COUNSEL ESPECIALLY MERE FORM ERRORS

Plaintiff's counsel admits that the Statements of Fact that were struck did not comply with the rules of this Court. In the past, there has been a communication difficulty between Plaintiff's counsel and this Court in particular. Any student of communication arts knows that if there is a communication error, it is on the shoulders of the communicator, not the recipient of the communication. As Plaintiff's counsel was the communicator, she accepts full responsibility for the communication difficulty. Nothing has ever been done by Counsel to thumb her nose at the court or willfully fail to follow any order of the court. She would never intentionally flaunt those rules.

Plaintiff's counsel, in order to avoid the concerns that her briefing was disjointed, decided in this matter to tell Mr. Sly's story – as she would in opening argument. Storytelling is the soul of a case and in the past, some of the briefing became stilted by the failure to tell the Plaintiff's story but instead reacting to Defendant's facts. That led to the initial failure in the statements of fact. In her desire to "tell the story," she forgot to separate the individual statements into separately numbered paragraphs as is required. Once the Court struck the

pleading, counsel realized her mistake. She resubmitted the Summary Judgment brief with all facts separated. She renumbered each sentence.

For clarity, Randles kept facts that belonged together in the story in the same section, numbered with an Arabic number and a letter. Thus, Paragraph 2 contained facts 2, 2A, 2B, 2C. Paragrah 16 included facts 16A, 16B, 16C, 16D *etc.* The same is true for paragraphs 17, 19, 20, 30 and 47. In reading the facts in this manner, it clarifies which facts belong to each element of the cause of action. In *Sherman v. Collins,* the Court found that Plaintiff was too vague in her description of the facts. To avoid that conundrum, Counsel set forth each fact that went together in the same section numbered as above.

Counsel has researched whether statements of fact can be numbered with a number and letter – such as 2A, 2B, 2C etc – and be in compliance with the Federal Rules of Civil Procedure. Plaintiff's counsel has found no case in which that form of numbering has been disallowed. In desperation, she asked AI generated commentary. The AI generated commentary indicates that numbering a Summary Judgment response with 2A, 2B, 2C is acceptable under the rules, but it gave no cites in its response. Accordingly, knowing that the Court does not prefer separate paragraphs numbered with subparts, Plaintiff's counsel will no longer engage in that practice in front of this court.

As for "pinpoint citations," again, Plaintiff's counsel has attempted to determine exactly how specific a "pinpoint" citation must be. The issue arises when the brief contains a reference to a story – such as an example of harassing behavior occurring in the workplace. While the statement of facts, in order to be brief, may say that an individual was propositioned by a co-worker on a specific date, Plaintiff's counsel has always tried to include the entire story found in the supportive materials. The supporting materials, then, will be broader than the statement so

the Court has access to a complete telling of the events leading up to the proposition as well as the specifics of the proposition. This inclusiveness of facts prevents arguments that a piece of proof is being taken out of context and therefore does not support the asserted fact. Again, the case law is not instructive as to how "pinpoint" the citations must be.

The law is clear that the citations must be to *specific* facts. In *Mehner v. Panera, LLC.*, 2024 U.S. Dist. LEXIS 101500 (June 7, 2024), the Court specified that "broad brush" denials are insufficient. It also explains that a nonmoving party "must come forward with specific facts showing that there is a genuine issue for trial." *Briscoe v. Cnty of St. Louis,* 690 F.3d 1004, 1011 (8th Cir. 2012). The law is also clear that a Court is not required to engage in a hunting expedition to find facts that are not laid out clearly, cogently and supported by admissible evidence. *Jain v. CVS Phrm., Inc.,* 779 F.3d 753 (Mar. 4, 2015). "The Court has no affirmative obligation to plumb the records in order to find a genuine issue of material fact. A district court is not required to mie the summary judgment record searching for nuggets of factual disputes to gild a party's arguments. *Id.*

In this case, the Court is concerned that Plaintiff's counsel directed the Court to two entire affidavits comprising a total of nine pages, instead of directing the court to the specific page on which the specific fact is found. Plaintiff's counsel did that so that the Court would see the entire circumstances surrounding the facts at issue. Since the affidavits were short, she directed the Court to the entire affidavit. As there was not requirement that the Court paw through hundreds of pages of material in search of a "nugget of factual dispute" Plaintiff's counsel reasonably believed that citing the entire affidavit reasonably set forth the facts in dispute. However, again, since this is not preferred by the Court, Plaintiff's counsel will in the future cite to a specific page even if a portion of the "story" is missed.

Finally, Plaintiff's counsel absolutely failed to provide a table of contents. Honestly, her paralegal knows how to do this, but Plaintiff's counsel is uniquely inept at all things technological. Plaintiff's paralegal's mother became unexpectedly quite ill in October and subsequently died in November. Theresa was out of the office when this Opposition was prepared. While it is certainly not her fault that the opposition had no table of authorities, Plaintiff's counsel does not have technological proficiency to generate those tables and honestly, was so focused on the Statements of Fact, she totally forgot about the tables. She could have created them by hand and typed them, but she simply forgot to do it. With her right hand gone (who would have reminded her), Ms. Randles did fail to follow this rule and for that she apologizes to the Court.

Mr. Sly has a colorable claim. There was no contumacious filing, no vexatious refusal to engage in discovery, no matter that affects the merit of his case was carelessly or wantonly done. Mr. Sly should not suffer the consequences of Ms. Randles' actions in inadequately numbering her summary judgment response, referring the Court to nine pages of affidavit testimony instead of two or three pages, and failing to provide a table of contents and table of authorities for the brief.

The Show Cause order has been sufficient to require Plaintiff's Counsel to familiarize herself with the specific manner in which this Court requires Summary Judgment responses to be filed. It also caused her to change vacation plans, conduct several hours of research into the ideas of pinpoint citations, Summary Judgment numbering issues, sanctionable actions, and research regarding how this court construes and reviews the relevant rules.

Accordingly, Plaintiff's counsel requests the Honorable Court to accept this Response to Show Cause and not order sanctions against Plaintiff or his Counsel. In the alternative,

Plaintiff's counsel would request the Court to require her withdrawal in lieu of a dismissal of Plaintiff's claims as all failures were solely that of counsel. Plaintiff had no hand in the failures described by the Court in this matter.

,
Respectfully submitted,

RANDLES MATA, LLC
/s/*Rebecca M. Randles*
Rebecca M. Randles, #40149
851 NW 45th Street, Suite 310
Kansas City, MO 64116
(816) 931-9901; (816) 931-0134 fax
rebecca@randlesmatalaw.com

Certificate of Service

The above and foregoing Response to Show Cause has duly been served via the Court's electronic noticing service this 29th day of December, 2025 to all counsel of record.

/s/*Rebecca M. Randles*